UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JEVON F. RANSOM | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| PENNYMAC LOAN SERVICES, | ) |
| LLC, *et. al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF REMOVAL

Defendants PennyMac Loan Services, LLC ("PennyMac"), MERSCORP Holdings, Inc. f/k/a MERSCORP, Inc. ("MERSCORP"), Mortgage Electronic Registration Systems, Inc. ("MERS"), ICE Mortgage Technology, Inc. (incorrectly named in Plaintiff's Complaint as ICE Mortgage Technology™) ("IMT"), and ICE Mortgage Technology Holdings, Inc. ("IMTH") (collectively "Defendants"),[1] by and through their undersigned counsel, hereby notice the removal of this civil action to the United States District Court for the District of Maryland, Southern Division, from the Circuit Court for St. Mary's County, Maryland, Civil Case No. C-18-CV-25-000011. Defendants remove this civil action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice of Removal, Defendants state as follows:

---

[1] MERS was the original beneficiary of Plaintiff's Deed of Trust. MERS's parent company is MERSCORP. IMT is an affiliated company of MERS and MERSCORP. IMTH is IMT's parent company. Only MERS had an interest in the Deed of Trust. IMT, IMTH and MERSCORP do not have (and have never had) any interest in Plaintiff's Deed of Trust.

**Background**

1.  On January 13, 2025, Plaintiff Jevon F. Ransom ("Plaintiff") commenced this action against Defendants in the Circuit Court for St. Mary's County, Maryland (the "State Court Action"). *See* Copy of the Current State Court Docket Sheet, attached hereto as **Exhibit A**.

2.  Plaintiff's Complaint asserts claims for (1) wrongful foreclosure, (2) violation of 15 U.S.C. § 1641(g) (Truth in Lending Act or "TILA"), (3) violation of 15 U.S.C. § 1692, *et seq*. (Fair Debt Collection Practices Act or "FDCPA"), (4) Constructive Trust and to Set Aside Trustee's Sale Accounting, and (5) unjust enrichment. A copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit B**. Copies of all other process and pleadings that were served upon Defendants (Case Information Report and Issued Writs of Summons) are attached as **Exhibits C-F**.

3.  Defendant PennyMac's Registered Agent for service of process in Maryland was served with the Complaint and Summons on January 23, 2025. *See* CT Corporation Service of Process Notification and Process Server Delivery Details, attached hereto as **Exhibit G**.

4.  Defendant MERSCORP's Registered Agent for service of process in Maryland was served with the Complaint and Summons on January 23, 2025. *See* CT Corporation Service of Process Notification and Process Server Delivery Details, attached hereto as **Exhibit H**.

5.  Defendant MERS has not been properly served.

6.  Defendant IMT's Registered Agent for service of process in Maryland was served with the Complaint and Summons on January 23, 2025. *See* CT Corporation Service of Process Notification and Process Server Delivery Details, attached hereto as **Exhibit I**.

7.  Defendant IMTH has not been properly served.

**The Notice of Removal is Timely**

8. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days from its receipt of service of Plaintiff's Complaint, which is the first paper from which the above Defendants could determine that the case has become removable. *See* 28 U.S.C. § 1446(b)(3).

**Jurisdiction and Venue**

9. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331 and 1441. The Circuit Court for St. Mary's County is located within the District of Maryland, Southern Division. Therefore, venue is proper because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

10. Pursuant to 28 U.S.C. § 1331, the Court has original federal question jurisdiction over this action because Plaintiff's Complaint purports to assert violations of federal statutes, TILA, 15 U.S.C. § 1601, *et seq.*, and the FDCPA, 15 U.S.C. § 1692, *et seq. See* **Ex. B**.

11. Thus, this Court may properly exercise federal question jurisdiction over the alleged Complaint because this action arises under the laws of United States of America and is properly removable to this Court by Defendants pursuant to 28 U.S.C. § 1441(c)(1).

12. To the extent that any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. § 1367(a).

**Removal Procedure**

13. This Notice of Removal satisfies the unanimity rule of 28 U.S.C. § 1446(b)(2)(A). All Defendants listed above who have been properly joined and served as of the date of this notice have affirmatively consented to this Notice of Removal. *See Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735 (4th Cir. 2013) (holding that each Defendant is not required to sign

the notice of removal, or file a separate notice of removal, to satisfy the unanimous consent requirement for removal).[2]

14. Pursuant to 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, papers, and Orders which have been served upon Defendants in the State Court Action are attached hereto as **Exs. B-F**.

15. Pursuant to 28 U.S.C. § 1446(d), a notice of the filing of this Notice of Removal is being filed with the Circuit Court for St. Mary's County, Maryland and served upon all Parties, contemporaneously herewith. A copy of that State Court Notice of Filing of Notice of Removal, without its exhibit, is attached hereto as **Exhibit J**.

16. By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them.

17. Defendants reserve the right to amend this Notice of Removal.

WHEREFORE, based upon the foregoing allegations in this Notice of Removal, Defendants assert that this action is removable and respectfully request that this Court retain jurisdiction over the same.

DATED: February 24, 2025                Respectfully submitted,

*/s/ Daniel Z. Herbst*
Daniel Z. Herbst, Esq. (MD Fed. Bar No. 17510)
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005
Tel. (202) 414-9232
Fax. (202) 414-9299
dherbst@reedsmith.com
*Counsel for Defendants*

---

[2] Defendant RITHM Capital Corporation ("RITHM") is incorrectly alleged to be the parent company of IMT, and to Defendants' knowledge, RITHM has not been served with process. Undersigned counsel does not appear for or represent RITHM or any of the RITHM-related entities named in the Complaint.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2025, a true and correct copy of the foregoing Notice of Removal and supporting attachments were electronically filed via this Court's CM/ECF system, and served via e-mail and/or first-class mail, postage-prepaid, upon the following parties:

Jevon F. Ransom
26947 Yowaiski Mill Road
Mechanicsville, MD 20659
JFRDollars@yahoo.com
*Plaintiff*


BWW Law Group, LLC
Attn: Howard N. Bierman and Carrie M. Ward
6003 Executive, Blvd., Suite 101
Rockville, MD 20852
*Defendant*


RITHM Capital Corp.
1209 Orange Street
Wilmington, DE 19801
*Defendant*

/s/ *Daniel Z. Herbst*
Daniel Z. Herbst (MD Fed. Bar No. 17510)