Jevon F. Ransom
26947 Yowaiski Mill Road
Mechanicsville, MD 20659
(240) 346-3359

# IN THE CIRCUIT COURT OF MARYLAND
## FOR ST MARY'S COUNTY

| | |
|---|---|
| Jevon F. Ransom, <br><br> Plaintiff, <br><br> v. <br><br> PENNYMAC LOAN SERVICES, LLC, <br> Cal. Corp. Code § 1505 Registered Agent: CT <br> CORPORATION SYSTEM[1], 330 N Brand <br> Blvd Suite 700, Glendale, CA 91203; <br><br> BWW LAW GROUP, LLC, Maryland <br> Resident Agent: JACOB GEESING, 6003 <br> Executive Blvd., Suite 101, Rockville, <br> Maryland 20852; <br><br> Howard N. Bierman, Carrie M. Ward, 6003 <br> Executive Blvd., Suite 101, Rockville, <br> Maryland 20852; <br><br> MERSCORP Holdings, Inc. *f/k/a*, <br> MERSCORP, Inc., Delaware Registered <br> Agent: THE CORPORATION TRUST <br> COMPANY, CORPORATION TRUST <br> CENTER, 1209 Orange Street, Wilmington, <br> DE 19801; <br><br> MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS (MERS), <br> Delaware Registered Agent: THE <br> CORPORATION TRUST COMPANY, <br> CORPORATION TRUST CENTER, 1209 <br> Orange Street, Wilmington, DE 19801; | Case №: C-18-25-000011 <br><br> COMPLAINT <br><br> WRONGFUL FORECLOSURE <br> VIOLATION OF 15 U.S.C. 1641(g) <br> VIOLATION OF 15 U.S.C. § 1692, ET <br> SEQ <br> CONSTRUCTIVE TRUST <br> AND TO SET ASIDE TRUSTEE'S SALE <br> ACCOUNTING <br> Unjust enrichment |

---

[1] A division of Wolters Kluwer N.V.; Headquarters Alphen aan den Rijn, Netherlands (global) Philadelphia, United States (corporate).

| ICE Mortgage Technology™, Delaware Registered Agent: THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 Orange Street, Wilmington, DE 19801;<br><br>ICE MORTGAGE TECHNOLOGY HOLDINGS, INC., Delaware Registered Agent: THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 Orange Street, Wilmington, DE 19801;<br><br>RITHM CAPITAL CORP., (parent of ICE MORTGAGE TECHNOLOGY™, RITHM CAPITAL ADVISORS LLC, RITHM CAPITAL LLC, RITHM CAPITAL MANAGEMENT LLC, Delaware Registered Agent: THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 Orange Street, Wilmington, DE 19801;<br><br>Defendants. | |
|---|---|

COMES NOW, Jevon F. Ransom, and for his cause(s) of action, allege(s):

## I. PARTIES

A. Plaintiffs.

Plaintiff Jevon F. Ransom is a homeowner in Mechanicsville, St Mary's County, Maryland.

B. Defendants.

1. Defendants PennyMac Loan Services, LLC is a subsidiary of PennyMac Financial Services, Inc., headquartered in Westlake Village, California, 6101

Condor Drive Suite 200, Moorpark CA 93021,. a California corporation, as is

PNMAC Capital Management, LLC, which manages the PennyMac Mortgage

Investment Trust (NYSE: PMT), a mortgage REIT;

2.      Defendant BWW Law Group, LLC, ATTORNEYS AT LAW, is, by

admission against interest, a debt collector as defined in 15 U.S.C. § 1692a(6),

headquartered at 6003 Executive Blvd., Suite 101, Rockville, Maryland 20852;

3.      Defendant ALEX COOPER auctioneers is (or was) the a "Trustee" on the

Deed of Trust identified below;

4.      Defendant Howard N. Bierman, located within the offices of BWW Law

Group, LLC, ATTORNEYS AT LAW, at 6003 Executive Blvd., Suite 101,

Rockville, Maryland, is alleged as a Substitute Trustee on the Deed of Trust in

which REALTYTITLE SERVICES, headquartered in Silver Spring, MD 20852;

5.      Defendant Carrie M. Ward, located within the offices of BWW Law

Group, LLC, ATTORNEYS AT LAW, at 6003 Executive Blvd., Suite 101,

Rockville, Maryland,  is alleged as a Substitute Trustee on the Deed of Trust in

which REALTYTITLE SERVICES, headquartered in Silver Spring, MD 20852;

6.      Defendant MERSCORP Holdings, Inc. *f/k/a*, MERSCORP, Inc.

("MERSCORP"), 11819 Miami St., Suite 100, Omaha, NE 68164, is the parent of

defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS);

7.      Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS

(MERS), 11819 Miami St., Suite 100, Omaha, NE 68164, is, upon information

and belief, the "wholly-owned subsidiary corporation" of MERSCORP Holdings,

Inc. *f/k/a*, MERSCORP, Inc. ("MERSCORP"), identified as "nominee" for

"Lender" Paramount Residential Mortgage Group, Inc..., 1265 Corona Pointe Court, Suite 301, Corona, CA 92879";

8.      Defendant ICE MORTGAGE TECHNOLOGYTM – the parent of MERSCORP HOLDINGS – is a Delaware corporation purporting a headquarters address of 4420 Rosewood Dr., Suite 500, Pleasanton, CA 94588;

9.      Defendant RITHM CAPITAL CORP., the parent of ICE MORTGAGE TECHNOLOGYTM, is a Delaware Corporation, purporting a "...principal executive offices..." address of 1345 Avenue of the Americas, 45th Floor, New York, New York, 10105;

All of which defendants are affiliates as *statutorily-defined* in 12 U.S.C. § 5481(1), and,

> "MERS and MERSCORP are each an "institution-affiliated party" within
> the meaning of 12 U.S.C. § 1813(u) by virtue of MERS acting as agent for
> lenders (who include Examined Members) with respect to serving as
> mortgagee in a nominee capacity for the lender, and are each an "entity-
> affiliated party" within the meaning of 12 U.S.C. § 4502(11) by virtue of
> MERS acting as agent for Fannie Mae and Freddie Mac with respect to
> serving as mortgagee in a nominee capacity for the owner of residential
> mortgage loans."
>
> (*See*: CONSENT ORDER[2], attached)

## II.  JURISDICTION

This court has jurisdiction pursuant to MD Code, Courts and Judicial Proceedings, § 1-501, and MD Code, Courts and Judicial Proceedings, § 5-901

---

[2] OCC No. AA-EC-11-20; Board of Governors Docket Nos. 11-051-B-SC-1, 11-051-B-SC-2; FDIC-11-194b; OTS No. 11-040; FHFA No. EAP-11-01. – MERS Consent Order, p. 2.

## III. VENUE

Venue is proper in the St Mary's County Circuit Court in Leonardtown, Maryland.

## IV. FACTUAL BACKGROUND

1. Paramount Residential Mortgage Group, Inc., is a California corporation, located at 1265 Corona Pointe Court, Suite 301, Corona, CA 92879 *aka* PRMG (hereinafter "PRMG") identified as the "Lender" on a "MARYLAND- Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3021 1/01, Ellie Mae, Inc.", Deed of Trust – presumptively establishing that the NOTE – itself a "MULTISTATE FIXED RATE NOTE·Single Family·Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3200 1/01, Ellie Mae. Inc.", and in the "Loan Disbursement Instructions" recorded with the above-described Deed of Trust on 11/16/2020 in the St MARY'S COUNTY CIRCUIT COURT (Land Records)[3], was conveyed by PRMG to a Government Sponsored Enterprise (GSE).

2. BWW Law Group, LLC, ATTORNEYS AT LAW – by their own admission against interest, a "debt collector" as defined in 15 U.S.C. § 1692a(6) – fraudulently attempting to effect a "Substitute Trustee's Sale" of my home using two associates within its own office: namely, defendants Howard N. Bierman and Carrie M. Ward.

3. The *undated*,

---

[3] Similarly identified in the "Instructions to Escrow/Title/Closing Agent"; the "COMPLIANCE AGREEMENT"; the "Form 4506-T (Rev. 3-2019)"; the "AMORTIZATION SCHEDULE"; the "USDA-RHS OCCUPANCY RIDER", and more.

a. the "Allonge" filed in bankruptcy "Case 24-10997 .. Doc.21-1 . Filed 05/20124 . Page.4 of 37", re Note 11/16/2024 – previously filed in this Circuit Court for St. Mary's County signed by Olivia Agorrilla, Post-Closing Manager; and the *undated,*

b. "ALLONGE TO NOTE", filed in bankruptcy "Case 24-10997 Doc 21-1 Filed 05120/24 Page 5 of 37", and "Page 6 of 37" re Note 11/16/2024, signed by Jamie Hartley, Authorized Representative,

would – to a less than astute viewer – appear to evidence PRMG's <u>sale of the transaction</u> (consisting of Form 3200 1/01 NOTE and Form 3021 1/01 Deed of Trust) to PennyMac Corp on or about the date of the transaction – 11/16/2024 – and PennyMac Corp's subsequent(?)sale of the 11/16/2024 transaction to PennyMac Loan Services, LLC. However,

4. The "ASSIGNMENT OF DEED OF TRUST"[4] filed in bankruptcy "Case 24-10997 Doc 21-1 Filed 05120/24 Page 24 of 37", previously filed in this Circuit Court for St. Mary's County in BOOK: 6226 PAGE: 106; "DOCUMENT VALIDATION" "Name: MERS/ PENNYMAC" on "09/26/2022" *specifically states*: "MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., *ITS* SUCCESSORS AND ASSIGNS, (ASSIGNOR)...", which includes MERS' Address, purporting to "...

---

[4] Referring directly to the "MARYLAND- Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3021 1/01, Ellie Mae, Inc.", Deed of Trust – identifying MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) as "nominee" for "Lender" PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. (sic).

convey, grant, assign, transfer and set over the described Deed of Trust... to

PENNYMAC LOAN SERVICES, LLC... Westlake Village, California..."

   a. is "Dated on 9/16/2022";

   b. signed by "Mackenzie Eichen (sic) VICE PRESIDENT" presumably of
      MERS;

   c. at 11819 Miami St., Suite 100, Omaha, NE, the address of its parent
      MERSCORP Holdings, Inc.; but,

   d. remarkably, *notarized on 9/16/2022* in Pinellas County, Florida;

belying the *undated* "Allonge" filed in bankruptcy "Case 24-10997 Doc 21-1

Filed 05120/24 Page 4 of 37", and "ALLONGE TO NOTE" "Case 24-10997 Doc

21-1 Filed 05120/24 Page 5 of 37" and "Page 6 of 37".

5. MERSCORP Holdings, Inc. *f/k/a*, MERSCORP, Inc. ("MERSCORP"), by and

   through its affiliated "wholly-owned subsidiary corporation", MORTGAGE

   ELECTRONIC REGISTRATION SYSTEMS (MERS) identification as

   "nominee" for "Lender" Paramount Residential Mortgage Group, Inc.,(sic) in the

   "MARYLAND- Single Family- Fannie Mae/Freddie Mac UNIFORM

   INSTRUMENT" identified above. Upon information and belief based upon

   evidence forthcoming, the intent of naming MORTGAGE ELECTRONIC

   REGISTRATION SYSTEMS (MERS) "nominee" was to avoid and obstruct MD

   Code §3-101, relating to public disclosure of future "assignments" of Deed(s) of

   Trust, creating the illusion that the Purchase Money deed of trust continued to

   provide "security" for a loan that PARAMOUNT RESIDENTIAL MORTGAGE

GROUP, INC. had – as presumably established – _**sold**_ to a Government Sponsored Enterprise (GSE)[5].

6. Based upon the foregoing sale by PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., to a Government Sponsored Enterprise (GSE) – a fact presumptively established by use of the "MARYLAND- Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3021 1/01, Ellie Mae, Inc.", Deed of Trust – the NOTICE OF INTENT TO FORECLOSE was and is a fraud.

7. Based upon the foregoing sale by PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. to a Government Sponsored Enterprise (GSE) – a fact presumptively established by use of the "MARYLAND- Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3021 1/01, Ellie Mae, Inc.", Deed of Trust – any and every subsequent "Notice" or other document was and is also a fraud.

8. REMARKABLY, the foregoing presumptively established facts apply equally – if not moreso – to the "LOAN MODIFICATION AGREEMENT" (FANNIE MAE "UNIFORM INSTRUMENT) filed in bankruptcy "Case 24-10997 Doc 21-1 Filed 05/20/24 Page 26 of 37" through "Page 35 of 37"; previously filed in this Circuit Court for St. Mary's County in BOOK: 6065 PAGE: 469 through 478, was "ACCEPTED AND AGREED TOBY THE OWNER AND HOLDER OF SAID NOTE" (sic) by

   a. "Linda Golden" in the capacity of "Vice President" of "PennyMac Loan Services, LLC." (sic), bankruptcy "Case 24-10997 Doc 21-1 Filed

---

[5] FANNIE MAE (Federal National Mortgage Corporation (FNMA)", FREDDIE MAC (Federal Home Loan Mortgage Corporation (FHLMA)), or GINNIE MAE (Government National Mortgage Corporation (GNMA))

05/20/24 Page 31 of 37"; Circuit Court for St. Mary's County in BOOK: 6065 PAGE: 474; and by

    b. "Linda Golden" in the capacity of "Vice President" of "Mortgage-Electronic Registration-Systems, Inc." (sic), bankruptcy "Case 24-10997 Doc 21-1 Filed 05/20/24 Page 31 of 37"; Circuit Court for St. Mary's County in BOOK: 6065 PAGE: 474;

    c. "ACKNOWLEDGMENT" (sic) by Armon Booth, Notary Public in Ventura County, California on "01/13/2022", bankruptcy "Case 24-10997 Doc 21-1 Filed 05/20/24 Page 32 of 37"; Circuit Court for St. Mary's County in BOOK: 6065 PAGE: 475; and,

    d. "ACKNOWLEDGMENT" (sic) by Rocio T. Hernandez, Notary Public in Ventura County, California on "01/13/2022", bankruptcy "Case 24-10997 Doc 21-1 Filed 05/20/24 Page 33 of 37"; Circuit Court for St. Mary's County in BOOK: 6065 PAGE: 476.

9. Based upon the presumptively established sale by PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. to a Government Sponsored Enterprise (GSE) is yet another fraudulent filing. And, lastly,

10. The "SUBSTITUTE TRUSTEES' SALE of REAL PROPERTY AND ANY IMPROVEMENTS THEREON… at public auction at the Circuit Court for St. Mary's County, at the Court House Door, 41605 Court House Dr., Leonardtown, MD 20650, on… JANUARY 7, 2025 AT 4:00 PM" is devoid of authority.

V. ARGUMENT

A. Plaintiff is informed by the Office of the Comptroller of the Currency, Administrator of National Banks, in its Asset Securitization Comptroller's Handbook (hereinafter "Handbook"), published November 1997, and therefor believes, that

1. *"Asset securitization is the structured process whereby interests in loans and other receivables are packaged, underwritten, **and sold** in the form of "asset backed" securities"*, Handbook, p.2 (italic and bold emphases added); and

2. Exhibit 1, Handbook, p.7-8, with text on p.8 pointing out that "...borrowers often do not realize that their loans have been sold, the originating bank is often able to maintain the customer relationship." This concealment of relevant facts is, in the instant case, compounded by defendants' use of Mortgage Electronics Registration Systems, Inc.; and,

3. Elaborates on p. 9, that "O riginators create and often service the *assets that are **sold** or used as collateral for asset-backed securities.*" (sic; italic and bold emphases added),

B. Plaintiff is further informed by the International Monetary Fund, in its Finance & Development article, "What Is Securitization?", published September, 2008[6] (hereinafter, "IMF article"), and therefor believes, that – of the eight (8) references to "balance sheets" – the process(es) of securitization are intended, in Step 1, to

1. "...transfer the credit risk of the assets they originate from their balance sheets...", IMF article, p. 1; so that,

2. "...loans [are] not kept on the balance sheets of those who securitized them...", IMF article, p. 1 ; with the result that,

---

[6] Andreas Jobst, What Is Securitization? © 2008 International Monetary Fund.

3. "...the originator... remove[s] [assets] from its balance sheet..."; "...pools them into what is called the reference portfolio..."; and "...then sells this asset pool to an issuer... set up... specifically to purchase the assets and realize their off-balance-sheet treatment for legal and accounting purposes", IMF article, p. 1; and, in Step 2,

4. "...to find new sources of funding... moving assets off their balance sheets... [to] reduce[] their borrowing costs and, in the case of banks, lower[] regulatory minimum capital requirements ...", IMF article, p. 2; achieving the goal that

5. "...assets are detached from the originator's balance sheet (and its credit rating)..." , IMF article, p. 2;

6. "...produc[ing] funds for future investment without balance sheet growth...", IMF article, p. 2.

C. Plaintiff is further informed by the Federal Reserve Bank of Chicago, in its publications "Modern Money Mechanics", February 1994; "Points of Interest", October, 2000, and therefor believes, that the realities described above are intrinsic to "...the basic process of money creation in a fractional reserve banking system..."; Modern Money Mechanics, p. 1, to wit:

1. "The actual process of money creation takes place primarily in banks. As noted earlier, checkable liabilities of banks are money. These liabilities are customers' accounts. They increase when customers deposit currency and checks and when the proceeds of loans made by the banks are credited to borrowers' accounts;" Modern Money Mechanics, p. 3;

2. "Depository institutions, which for simplicity we will call banks, are different from other financial institutions- because they offer transaction accounts and make loans by lending deposits." Points of Interest, p. 7;

3. "Deposit expansion can proceed from investments as well as loans. Suppose that the demand for loans at some Stage 1 banks is slack. These banks would then probably purchase securities"; Modern Money Mechanics, p. 8;

4. "Banks create deposits by making loans... creation of checking accounts through loans is just as much a deposit as one we might make by pushing a ten-dollar bill through the teller's window"; Points of Interest, p. 7;

D. Plaintiff is further informed by The College of William & Mary – the second-oldest institution of higher learning in the country, founded in 1693 under a royal charter issued by King William III and Queen Mary II – Peterson, Christopher Lewis[7], Two Faces_ Demystifying the Mortgage Electronic Registration System's Land Title Theory William & Mary Law Review Volume 53 (2011-2012) Issue 1 Article 4 (hereinafter, "TWO FACES"), and therefor believes:

1. "In the mid-1990s, mortgage bankers created Mortgage Electronic Registration Systems, Inc. (MERS) to escape the costs associated with recording mortgage transfers. To accomplish this, lenders permanently list MERS as the mortgagee of record instead of themselves to avoid the expense of recording any subsequent transfers. MERS's claim that it is both an agent of the lender and the mortgagee, and the huge gaps left in the public record, give rise to a range of legal issues. This Article addresses whether security agreements

---

[7] Associate Dean for Academic Affairs and Professor of Law, University of Utah, S.J. Quinney College of Law.

naming MERS as a mortgagee meet traditional conveyance requirements and discusses the rights of counties to recover unpaid recording fees. The author explores the challenges facing judges, legislators, county recorders, and investors who must resolve these issues to rebuild confidence in real property recording systems." See also: SSRN (formerly known as Social Science Research Network)-1684729, Abstract.

2. "Like Janus, MERS is two-faced: impenetrably claiming to both own mortgages and act as an agent for others who also claim ownership." TWO FACES, p. 113.

3. "In the mid-1990s, some mortgage bankers decided they no longer wanted to pay recording fees for assigning mortgages[8]. Securitization— a process of pooling many mortgages into a trust and selling income from the trust to investors on Wall Street[9] —drove this decision. Securitization, also sometimes called "structured finance," usually required several successive mortgage assignments to different companies.[10] To avoid the hassle and expense of paying county recording fees, these mortgage bankers formed a plan to create a single shell company that would pretend to own all the mortgages in the country.[11] According to the plan, the mortgage bankers would never have to

---

[8] Internal note 20, Two Faces, p. 116, citing Phyllis K. Slesinger & Daniel McLaughlin, Mortgage Electronic Registration System, 31 IDAHO L. REV. 805, 810-12 (1995).

[9] Internal note 21, Two Faces, p. 116, citing internal note 6, Christopher L. Peterson, Foreclosure, Subprime Mortgage Lending, and the Mortgage Electronic Registration System, 78 U. CIN. L. REV. 1359 (2010), at 1361-62.

[10] Internal note 22, Two Faces, p. 116, citing Christopher L. Peterson, Predatory Structured Finance, 28 CARDOZO L. REV. 2185, 2186-87 (2007).

[11] Internal note 23, Two Faces. P. 116, citing R.K. Arnold, Viewpoint, INSIDE MERS, Jan./Feb. 2004, at 1 ("[O]ur mission is to capture every mortgage loan in the country.").

record assignments again because the same company would always "own" all the mortgages.[12] They incorporated the shell company in Delaware and called it Mortgage Electronic Registration Systems, Inc."

The industry-environment revelations above are further supported by numerous Congressional Research Service Reports spanning at least 15 years.

BASED UPON THE FOREGOING, Plaintiff Jevon has been injured:

1.  from the series of presumptively established acts of fraud set forth in IV., above,

2.  *intentional*, as set forth in VI, above, and

WHEREFORE, Plaintiff Jevon Ransom seeks JUDGMENT, against defendants, jointly and severally:

Declaring the documents identified above as filed in bankruptcy "Case 24-10997 Doc 21-1 Filed 05/20/24" to be based upon fraud;

Declaring the documents identified above as previously filed in this Circuit Court for St. Mary's County to be based upon fraud;

FOR ACTUAL DAMAGES, in the amount of THREE HUNDRED TWENTY-TWO THOUSAND TWO HUNDRED TWENTY-TWO AND NO/100 Dollars ($ 322,222.00), plus interest; and,

SUCH OTHER RELIEF as the court deems just and proper in the premises.

Jevon Ransom

---

[12] Internal note 24, Two Faces, p 116, "See id.; see also Howard Schneider, MERS Aids Electronic Mortgage Market, MORTGAGE BANKING, Jan. 1997, at 42."