UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

June 3, 2025

MEMORANDUM TO PARTIES RE:    Ransom v. PennyMac Loan Services, LLC et al
Civil Action No. GLR-25-0615

Dear Parties:

Pending before the Court is self-represented Plaintiff Jevon F. Ransom's sealed Motion for Reconsideration of the Court's April 1, 2025 Order denying his Motion for Temporary Restraining Order against PennyMac Loan Services, BWW Law Group, LLC, MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems (MERS), ICE Mortgage Technology, ICE Mortgage Technology Holdings, Inc., and Rithm Capital Corp ("Defendants"). (ECF No. 22). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will deny the Motion.

**Background**

On February 24, 2025, Ransom filed a Complaint in the Circuit Court for St. Mary's County in which he appears to allege that Defendants, among other things, wrongfully foreclosed his property. (See Compl. ¶ 2, ECF No. 2). Defendants removed the action to this Court on the basis of federal question jurisdiction. (ECF No. 1). Ransom filed an ex parte Motion for a Temporary Restraining Order on March 31, 2025. (ECF No. 18). This Court denied his Motion on April 1, 2025, finding that, among other things, Ransom failed to show a likelihood of success on the merits. (Apr. 1, 2025 Order, ECF No. 19). Ransom filed the instant Motion for Reconsideration under Seal on April 25, 2025. (ECF No. 22).[1]

**Standard of Review**

Although the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," Rule 59(e) authorizes a district court to alter or amend a prior final judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). Motions brought under Rule 59(e) must be filed within twenty-eight days of the final judgment. Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). A district court may only alter or amend a final judgment under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence

---

[1] Ransom's Motion was filed under seal but without an accompanying motion to seal. The Court will direct the Clerk to lift the seal on Ransom's Motion (ECF No. 22) and will not place this Order under seal.

not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 (4th Cir. 2017) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). A Rule 59(e) amendment is "an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (cleaned up). Accordingly, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT-08501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

**Analysis**

Here, Ransom has failed to identify any changes in controlling law, newly discovered evidence, or any clear error by the Court or other injustice that would warrant reconsideration of the Court's April 1, 2025 Order. The Court explained that res judicata likely bars Ransom's claims. (Apr. 1, 2025 Order at 2–3). Nothing in Ransom's Motion for Reconsideration disturbs this conclusion. In other words, Ransom fails to provide any factual or legal grounds to warrant reconsideration, and his Motion for Reconsideration will accordingly be denied. See Judge v. Balt. City, No. GLR-14- 3117, 2015 WL 11027771, at *1 (D.Md. June 26, 2015), aff'd sub nom. Cornish v. Balt. City, 621 F.App'x 185 (4th Cir. 2015).

**Conclusion**

For the foregoing reasons, Ransom's Motion for Reconsideration (ECF No. 22) is DENIED. The Clerk shall LIFT the Seal on Ransom's Motion, (ECF No. 22). Despite the informal nature of this Memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and PROVIDE a copy to Ransom at his address of record.

Very truly yours,

/s/
George L. Russell, III
Chief United States District Judge